## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAREDX, INC. | |
| v. | Case No. _____ |
| EUROFINS VIRACOR, INC., | |
| Defendant, | **JURY TRIAL DEMANDED** |
| and | |
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY | |
| Nominal Defendant | |

## COMPLAINT

Plaintiff CareDx, Inc. ("CareDx") for its complaint against Defendant Eurofins Viracor, Inc. ("Viracor"), hereby alleges as follows:

## NATURE OF THE ACTION

1.      Years ago, researchers at Stanford University invented a method for determining organ transplant rejection.  It allowed doctors to assess rejection through blood tests and without invasive biopsies.  This method is intended to saves lives, minimize patient pain and stress, and cuts the healthcare costs of treating transplant patients.

2.      Stanford University secured the patents to its researchers' invention and licensed the patents exclusively to CareDx.  CareDx then brought this invention out of the lab and into the clinical setting, helping leading transplant centers around the country treat patients.  CareDx has worked hard on this effort, investing substantially to make this technology widely available.

3.      Now, years after Stanford University researchers and CareDx put in the research and development work to invent this new method and bring it to the clinical setting, Viracor uses CareDx's licensed technology without permission in violation of the patent laws.  Viracor must be held accountable.

4.      Accordingly, this is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Defendant Viracor.

5.      CareDx brings this action to halt Viracor's infringement of CareDx's rights under the Patent Laws of the United States 35 U.S.C. § 1, et seq., which arise under U.S. Patent No. 8,703,652 ("the '652 patent") (attached as Exhibit 1).

**PARTIES**

6.      CareDx is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 3260 Bayshore Blvd., Brisbane, CA 94005.

7.      CareDx was formed in 1998 by pioneers in molecular diagnostics.  Since its inception, CareDx has focused its expertise on the discovery, development and commercialization of clinically differentiated, high-value solutions for organ transplant recipients.  It was the first company to develop and commercialize non-invasive transplant surveillance testing to monitor transplant recipients' immune status with the aim to improve long-term patient outcomes.

8.      Today, CareDx markets and sells AlloSure® ("AlloSure").  AlloSure uses advanced DNA sequencing methods to quantify donor-derived cell-free DNA (dd-cfDNA) in transplant recipients without having to conduct separate genotyping.  Measuring dd-cfDNA in a transplant recipient's blood enables early detection of kidney transplant rejection and facilitates personalized immunosuppressive treatment.  AlloSure has helped numerous nephrologists manage their patients' post-transplant care, while avoiding the high costs and added risks of renal biopsies.

9.      The Board of Trustees of the Leland Stanford Junior University ("Stanford") is a trust possessing corporate powers that is organized under the laws of California, with a principal place of business at the Office of the President, Building 10 Main Quad, Stanford, California 94305.  Stanford is the patent owner and licensor for the '652 patent.  Stanford is named as a nominal defendant in this action for purposes of subject matter jurisdiction only and pursuant to the United States Supreme Court's holding in *Independent Wireless Tel. Co. v. Radio Corp. of Am.*, 269, U.S. 459, 468 (1926), that "[i]f the owner of a patent, being within the jurisdiction, refuses or is unable to join an exclusive licensee as coplaintiff, the licensee may make him a party defendant by process, and he will be lined up by the court in the party character which he should assume."  CareDx requested that Stanford join as a party in this action, but Stanford has thus far not agreed to do so. Although Stanford is named as a nominal defendant, CareDx seeks relief realigning Stanford as a plaintiff.

10.     On information and belief, Viracor is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 1001 Technology Dr, Lee's Summit, MO 64086, USA.  Viracor markets and sells various organ transplant rejection tests including the Viracor TRAC™ Kidney dd-cfDNA, Viracor TRAC™ Heart dd-cfDNA, and Viracor TRAC™ Lung dd-cfDNA tests.  Viracor performs these tests at its CLIA-certified laboratory in Lee's Summit, Missouri.  Exhibit 2.

## JURISDICTION AND VENUE

11.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

12.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

13.     This Court has personal jurisdiction over Viracor because Viracor is a Delaware corporation.

14.     This Court also has personal jurisdiction over Viracor because, upon information and belief, Viracor, directly or indirectly, uses, offers for sale, and/or sells the Viracor TRAC™ Kidney dd-cfDNA, Viracor TRAC™ Heart dd-cfDNA, and Viracor TRAC™ Lung dd-cfDNA tests throughout the United States and in this judicial district.

15.     This Court has personal jurisdiction over nominal defendant Stanford because Stanford has substantial contacts with the forum as a consequence of conducting business and activities in Delaware, including having filed lawsuits in this forum.

## BACKGROUND

16.     Plaintiffs repeat and re-allege the foregoing paragraphs as if set forth specifically herein.

17.     Representative Claim 1 of the '652 patent is listed below:

1. A method for detecting transplant rejection, graft dysfunction, or organ failure, the method comprising:

    (a) providing a sample comprising cell-free nucleic acids from a subject who has received a transplant from a donor;

    (b) obtaining a genotype of donor-specific polymorphisms or a genotype of subject-specific polymorphisms, or obtaining both a genotype of donor-specific polymorphisms and subject-specific polymorphisms, to establish a polymorphism profile for detecting donor cell-free nucleic acids, wherein at least one single nucleotide polymorphism (SNP) is homozygous for the subject if the genotype comprises subject-specific polymorphisms comprising SNPs;

    (c) multiplex sequencing of the cell-free nucleic acids in the sample followed by analysis of the sequencing results using the polymorphism profile to detect donor cell-free nucleic acids and subject cell-free nucleic acids; and

    (d) diagnosing, predicting, or monitoring a transplant status or outcome of the subject who has received the transplant by determining a quantity of the donor cell-free nucleic acids based on the detection of the donor cell-free nucleic acids and subject cell-free nucleic acids by the multiplexed sequencing, wherein an increase in the quantity of the donor cell-free

nucleic acids over time is indicative of transplant rejection, graft dysfunction or organ failure, and wherein sensitivity of the method is greater than 56% compared to sensitivity of current surveillance methods for cardiac allograft vasculopathy (CAV).

18.    Rather than being directed to a natural law, this claim is directed to a specific technical method.  It not only requires genotyping to obtain a SNP profile, it also specifies that "at least one single nucleotide polymorphism (SNP) is homozygous for the subject if the genotype comprises subject-specific polymorphisms comprising SNPs."   The claim also requires a "multiplex sequencing" step.

19.    This claim is not directed to nucleic acids, any general correlation with disease, or anything else that could be characterized as a natural phenomenon.  It is intended to be applied in the most unnatural circumstances—introduction of a foreign organ into a human body—and requires a specific series of complex laboratory techniques that are purely the result of human ingenuity.  Attached hereto as Exhibit 12 is the declaration of Dr. Henry Furneaux, who further details the technological background of the '652 patent and documents its inventive nature, including its incorporation of an inventive concept.

20.    For decades prior to the priority date of the '652 patent, there was a recognized need for non-invasive diagnostic tests for organ transplant suitable for organ recipients of all types. There was likewise recognition that cell-free DNA measurements had the potential to satisfy that need. No one was able to realize that potential, however, until the publication of the solution developed by the inventors of the '652 patent.  *See* Ex. 12 ¶ 24.

21.    The inventors of the '652 patent developed their approach by building off their pioneering work related to development of advanced genetic tools for nucleic acid analysis, such as high throughput sequencing and digital PCR.   Dr. Stephen Quake and his co-inventors recognized that use of such high-precision, high volume techniques, if implemented the right way,

could and would facilitate improved detection and sampling of the tiny quantities of donor DNA present in an organ transplant recipient. *See, e.g.*, Exhibit 1 at 16:65-17:1 (noting that, in typical situations, only "approximately one in 3,000 molecules analyzed will be from the donor and informative about donor genotype.").

22.     This solution required the use of cutting edge techniques, such as SNP profile development and comparison, high-throughput single-molecule sequencing, digital PCR, and multiplex sequencing.  It was not well-known or conventional to use these techniques together, in 2009, in the context of non-invasive diagnostic tests for organ transplant rejection.  Exhibit 12 ¶ 25.

23.     The invention of the '652 patent reflected a major advance over the prior art.  As the '652 patent explains, "[c]ompared with the quantitative PCR techniques used in some of the earlier cited work, digital PCR is a much more accurate and reliable method to quantitate nucleic acid species including rare nucleic acid species, and does not require a specific gender relationship between donor and recipient." Exhibit 1 at 14:58-63.  This precision and reliability, in turn, made it practical to determine concentrations of donor-specific cell-free DNA via the innovative technique of comparing single nucleotide polymorphism profiles of the donor and the recipient.

24.     The method of the '652 patent, unlike prior art methods that focused on Y-chromosome concentrations or HLA alleles, could be used for organ donor recipients generally. *See id.* at 8:23-54.   The specification's discussion of these attempts shows that existing non-invasive techniques that used cell-free DNA were ineffective, and that the broad applicability of the claimed methods to patients generally was a core advance over such prior art methods: "[i]n some embodiments, the invention provides a universal approach to noninvasive detection of graft

rejection in transplant patients which…is general for all organ recipients without consideration of gender." *Id.* at 8:45-50.

25.    On information and belief, in the early 2019 time frame Viracor began preparing to develop and commercialize organ transplant rejection tests based on the use of donor-derived cell-free DNA, including the Viracor TRAC™ Kidney dd-cfDNA, Viracor TRAC™ Heart dd-cfDNA, and Viracor TRAC™ Lung dd-cfDNA tests.  Recently, the CEO of Viracor's parent company explained on an earnings call the significant commercial potential for such tests and that Viracor would be offering a test similar to the very tests currently offered by CareDx:

> But if you look at companies like Natera or CareDx, they have very similar portfolio to what we are doing and that may help you see a bit what we are planning and why we are investing in clinical diagnostic. We're not only investing in clinical diagnostic to have to report that the routine doesn't grow. We do it because – and we did the routine because we think it's a good platform to distribute very advanced tests that have very high-growth potential. So maybe if you look at the analyst reports on Natera and CareDx, you'll see a bit – the type of tests we're working on. And that's just on a few areas.

Ex. 7.

26.    Consistent with this, Viracor offers the Viracor TRAC™ Kidney dd-cfDNA, Viracor TRAC™ Heart dd-cfDNA, and Viracor TRAC™ Lung dd-cfDNA for sale on its website. Information for each of these tests can be accessed through Viracor's Test Menu Sitemap and each of these tests is summarized on its own individualized website. *See* Exs. 3-6.  The website for the Viracor TRAC™ Heart dd-cfDNA test, for instance, assigns the Test Code 30877 and instructs customers to "Contact Client Services at 1-800-305-5198 prior to ordering, this test requires special tubes for collection." Ex. 4.

27.    The websites for each of the Viracor TRAC™ Kidney dd-cfDNA, Viracor TRAC™ Heart dd-cfDNA, and Viracor TRAC™ Lung dd-cfDNA tests include the same description regarding the design and operation of the tests:

> The Viracor TRAC™ dd-cfDNA test enables providers to detect solid organ transplant rejection using plasma isolated from Streck BCT tubes, providing essential information in a non-invasive way, which may be useful in the diagnosis of solid organ transplant rejection. This test utilizes a bioinformatics pipeline that analyzes NGS and genome-wide recipient genotype data to determine the percentage of dd-cfDNA present, which strongly correlates with allograft injury due to rejection. The licensed algorithm accurately quantifies the donor-derived fraction of cell-free DNA without need for donor genotype information, even when the donor is closely related (e.g., sibling kidney donors). The design of this test also enables the determination of dd-cfDNA concentrations over a much wider dynamic range than currently possible with other methods.

Exs. 4-6.

28.     According to a Viracor's description of its tests on its website, the "Viracor TRAC™ dd-cfDNA assay determines the percentage of circulating cell-free DNA (cfDNA) in transplant recipients derived from donor grafts. cfDNA is extracted from plasma isolated from whole blood collected in Streck BCT tubes within seven days of collection and unbiased sequencing is performed. NGS and genome-wide recipient genotype data are then analyzed by a bioinformatics pipeline that calculates the percentage of dd-cfDNA present." *See* Exs. 4-6.

29.     Viracor's description of its method as being able to quantify the "donor-derived fraction of cell-free DNA without need for donor genotype information" corresponds to the description of the method that appears in the publication Sharon et al., *Quantification of transplant-derived circulating cell-free DNA in absence of a donor genotype*, 13 PLOS COMPUTATIONAL BIOLOGY 1 (2017) (the "Sharon article"), which is attached hereto as Exhibit 8.

30.     The method set forth in this article reflects work done at Stanford University and is cited on the Stanford University Office of Technology Licensing Website as part of an offer to license technology related to a "'One genome' cell-free DNA analysis for monitoring transplant health." *See* Ex. 9.  At the June 2019 American Transplant Congress, Viracor presented a poster in which it cited solely to the Sharon article and explained that in "the current work we have (a) explored the idea of estimating ddcfDNA fraction by focusing only on the homozygous genomic

loci of the recipient and applying a method (SIGMA) primarily used to measure bacterial strain level abundances and (b) established a full assay based on a method (Licensed from Stanford University, and optimized for commercial scale execution-time by Viracor-Eurofins)…." Exh. 11; *see also id.* ("The pipeline licensed from Stanford was linear in nature….").  Accordingly, the Viracor method corresponds to the technique set forth in the Sharon article.

31.     By using this approach, Viracor infringes, literally or under the doctrine of equivalents, the '652 patent through its activities connected to its performance of the Viracor TRAC™ Kidney dd-cfDNA, Viracor TRAC™ Heart dd-cfDNA, and Viracor TRAC™ Lung dd-cfDNA tests and all variants thereof.

32.     As an example illustrating infringement by the Viracor TRAC™ Kidney dd-cfDNA, Viracor TRAC™ Heart dd-cfDNA, and Viracor TRAC™ Lung dd-cfDNA tests, attached hereto as Exhibit 10 is a preliminary and exemplary claim chart detailing Viracor's infringement of claim 1 of the '652 patent.  This chart is not intended to limit CareDx's right to modify this chart or any other claim chart or allege that other activities of Viracor infringe any other claims of the '652 patent or any other patents.

## COUNT I
### (Infringement of U.S. Patent No. 8,703,652)

33.     Plaintiffs repeat and re-allege the foregoing paragraphs as if set forth specifically herein.

34.     On April 22, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,703,652, entitled "Non-Invasive Diagnosis of Graft Rejection in Organ Transplant Patients."

35.     Stephen R. Quake, Ph.D., Thomas M. Snyder, Ph.D., and Hannah Valantine, M.D. are the sole and true inventors of the '652 patent.   By operation of law and as a result of written

assignment agreements, Stanford obtained the entire right, title, and interest to and in the '652 patent.

36.     Pursuant to license agreements with Stanford, CareDx obtained an exclusive license to the '652 patent in the field of non-invasive monitoring of organ transplant rejection through cell-free DNA analysis.

37.     On information and belief, Viracor has infringed and continues to infringe the '652 patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by performing within the United States without authority the Viracor TRAC™ Kidney dd-cfDNA, Viracor TRAC™ Heart dd-cfDNA, and Viracor TRAC™ Lung dd-cfDNA tests.  As an example, attached as Exhibit 10 is a preliminary and exemplary claim chart detailing Viracor's infringement of claim 1 of the '652 patent.  This chart is not intended to limit CareDx's right to modify the chart or allege that other activities of Viracor infringe claim 1 or any other claims of the '652 patent or any other patents.

38.     Exhibit 10 is hereby incorporated by reference in its entirety.  Each claim element in Exhibit 10 that is mapped to the Viracor TRAC™ Kidney dd-cfDNA, Viracor TRAC™ Heart dd-cfDNA, and Viracor TRAC™ Lung dd-cfDNA tests shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

## JURY DEMAND

39.     CareDx demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, CareDx prays that this Court grant the following relief:

A.     A judgment that Viracor has infringed the '652 patent and that the '652 patent is valid.

B.      Damages or other monetary relief, including, but not limited to, costs and pre- and post-judgment interest, to Plaintiffs;

C.      An order enjoining Viracor and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from further infringement of the'652 patent;

D.      Such further and other relief as this Court deems proper and just, including, but not limited to, a determination that this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees and costs to Plaintiffs in this action.


Dated: September 26, 2019                     Respectfully submitted,

Of Counsel:                                   FARNAN LLP

Edward R. Reines                              /s/ Michael J. Farnan
Derek C. Walter                               Brian E. Farnan (Bar No. 4089)
Weil, Gotshal & Manges LLP                    Michael J. Farnan (Bar No. 5165)
201 Redwood Shores Parkway                    919 N. Market St., 12th Floor
Redwood Shores, CA  94065                     Wilmington, DE 19801
(650) 802-3000                                (302) 777-0300
                                              (302) 777-0301 (Fax)
                                              bfarnan@farnanlaw.com
                                              mfarnan@farnanlaw.com


                                              *Attorneys for Plaintiff*