IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAREDX, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 19-1804-CFC-CJB |
| | ) |
| EUROFINS VIRACOR, INC., | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| THE BOARD OF TRUSTEES OF THE LELAND STAFORD JUNIOR UNIVERSITY, | ) |
| | ) |
| Nominal Defendant., | ) |

## **MEMORANDUM ORDER**

Pending before me are Defendant Eurofin Viracor, Inc.'s objections (D.I. 37) to the Magistrate Judge's Report and Recommendation issued on February 10, 2020 (D.I. 30). The Magistrate Judge recommended in his Report and Recommendation that I deny Eurofin's motion to dismiss the Complaint filed by Plaintiff CareDx, Inc (D.I. 6). I have reviewed the Report and Recommendation, the objections, CareDx's response to the objections (D.I. 41), the parties' briefing filed in connection with the motion to dismiss (D.I. 7; D.I. 15; D.I. 16), and the

transcript of the oral argument before the Magistrate Judge.

Eurofin argued in support of its motion to dismiss that the claims of the asserted patent (U.S. Patent No. 8,703,652) are directed to a natural phenomenon (i.e., the correlation between transplant rejection and the presence of naturally occurring cfDNA) and therefore are not eligible for patenting under 35 U.S.C. § 101. The Magistrate Judge disagreed, concluding that the claims are directed to a "purportedly new, unconventional combination of steps" to detect that natural phenomenon. D.I. 30 at 9. Although language in the written descriptions of the two asserted patents suggests that the patented steps are neither new nor unconventional, *see generally Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 915 F.3d 743, 757 (Fed. Cir. 2019) (claims that "recite only a natural law together with conventional steps to detect that law, . . . are ineligible under § 101"), I agree with the Magistrate Judge that it would be premature to make at this time a definitive ruling on whether the claims recite patent eligible subject matter. Accordingly, I will adopt the recommendation of the Magistrate Judge and deny Eurofin's motion to dismiss.

Because the patents' specifications raise doubts about the patents' validity, and mindful of my obligation to facilitate the "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, I will entertain in

this case early dispositive motion practice and, to that end, will convene a teleconference with the parties to discuss scheduling.

WHEREFORE, on this 21st day of April in 2020, IT IS HEREBY ORDERED that:

1. Defendant's Objections to the Magistrate Judge's Report and Recommendation (D.I. 37) are OVERRULED;

2. The Report and Recommendation (D.I. 30) is ADOPTED;

3. Defendant's motion to dismiss (D.I. 6) is DENIED; and

4. A scheduling teleconference will be held on April 30, 2020 at 10:00 a.m. Defendant's counsel shall make the necessary arrangements for the teleconference.

_____
United States District Judge