IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAREDX, INC., <br><br> Plaintiffs <br><br> v. <br><br> EUROFINS VIRACOR, INC., <br><br> Defendant, <br><br> and <br><br> THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY <br><br> Nominal Defendant. | Civil Action No. 19-1804-CFC-CJB |

## **MEMORANDUM ORDER**

Pending before me is Defendant Eurofins Viracor Inc.'s Motion for Summary Judgment that the Asserted Claims of U.S. Patent No. 8,703,652 are Invalid Under 35 U.S.C. § 101 (D.I. 61). In its Concise Statement of Facts in Support of Its Motion for Summary Judgment that the Asserted Claims of U.S. Patent No. 8,703,652 are Invalid Under 35 U.S.C. § 101, Eurofins states that "[n]either the written description nor the claims of the Patent[] disclose

nonconventional techniques for performing genotyping and/or multiplex / high-throughput sequencing, individually or in combination." D.I. 63 ¶ 23. In support of this statement of fact, Eurofins relies on the written description of the asserted patent, the written descriptions of two non-asserted patents (which both share a written description with the asserted patent) and the declaration of its expert, Dr. John Quackenbush. D.I. 63 ¶ 23 and cited exhibits.

Plaintiff denies this factual assertion. It states that some of the techniques disclosed in the asserted patent were nonconventional. And it cites in support of that position, among other things, six scientific articles that discuss the limitations and nascent nature of some of the specifically disclosed techniques as well as the declaration of its expert, Dr. Brian Van Ness. D.I. 65 ¶ 23 and cited exhibits; *see also, e.g.*, D.I. 63-30 at B0325–26, B0331 (a 2008 scientific article describing some of the disclosed high-throughput techniques as "new technologies" that are "poised to emerge as the dominant genomics technolog[ies]" but cautioning that "method development is still in its infancy" and that "[e]fficient data analysis pipelines are required for many applications *before they become routine*" (emphasis added)); D.I. 63-18 at B0237–39 (a 2009 scientific article describing the transition of the disclosed techniques from basic-research to clinical diagnostics as being in the "early stages of development," but noting that the issues of "complexity of technical procedures, robustness, accuracy, and cost" are barriers to

ii

that transition); D.I. 65-1 at C0524 (a 2020 scientific article stating that "standard targeted [multiplex or high-throughput sequencing] is significantly limited by its cost, turnaround time[], and level of sensitivity imposed by background noise"); D.I. 65-1 at C0601 (a 2008 scientific article expressing skepticism that a sequencing technique disclosed in the patents would gain regulatory approval for diagnostic purposes).

Because there is a disputed fact that Eurofins has said is material to its summary judgment motion, I will deny the motion. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that summary judgment will not lie if there is a genuine dispute about a material fact).

NOW THEREFORE, at Wilmington this First day of December in 2020, **IT IS HEREBY ORDERED** that Defendant Eurofins Viracor Inc.'s Motion for Summary Judgment that the Asserted Claims of U.S. Patent No. 8,703,652 are Invalid Under 35 U.S.C. § 101 (D.I. 61) is DENIED.

_____
UNITED STATES DISTRICT JUDGE